# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| SAUL MARTINEZ, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 3:16-cv-01207-DRH-DGW |
| | ) | |
| DEUTSCHE BANK AG, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## DEFENDANTS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF MOTION TO TRANSFER

February 17, 2017

The Moving Defendants[1] demonstrated in their original Memorandum of Law (Dkt. No. 31) that venue is lacking in this district and that this matter should be transferred for all purposes to the Eastern District of New York under 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).[2] After the Moving Defendants submitted their motion to transfer, Plaintiffs filed their First Amended Complaint ("Amended Complaint"). The new allegations in the Amended Complaint also fail to establish venue. This district still meets none of the Anti-Terrorism Act's ("ATA") four enumerated venue conditions: none of the Plaintiffs resides here; none of the Defendants resides here; none of the Defendants was served here; and none of the Defendants has an agent here. *See* 18 U.S.C. § 2334(a). Moreover, even if venue were proper here (it is not), the Court should exercise its discretion under § 1404(a) to transfer this action to the Eastern District of New York, where *Freeman, et al. v. HSBC Holdings PLC, et al.*, 14-CV-06601 (DLI/CLP), the action from which the complaints filed here were copied, has been pending for over two years.[3]

---

[1] The "Moving Defendants" are Deutsche Bank AG ("Deutsche Bank"), HSBC Bank USA, N.A. ("HSBC Bank USA"), HSBC North America Holdings, Inc. ("HSBC North America"), HSBC Holdings plc ("HSBC Holdings"), HSBC Bank plc ("HBEU"), Barclays Bank PLC ("Barclays"), Standard Chartered Bank ("SCB"), The Royal Bank of Scotland N.V. ("RBS N.V."), Commerzbank AG ("Commerzbank") and Credit Suisse AG ("Credit Suisse"). HSBC Bank Middle East Limited is not a party to this motion because it has not been served or waived service.

[2] For the Court's convenience, Exhibit A to the Declaration of Steven P. Sanders is a redlined copy of the Moving Defendants' original Memorandum of Law in which the citations to the original complaint have been revised, where possible, to correspond to the appropriate paragraphs of the Amended Complaint.

[3] Although Plaintiffs have added some new allegations in the Amended Complaint, it remains essentially identical, legally and factually, to the *Freeman* complaint.

I.    **THIS ACTION SHOULD BE TRANSFERRED TO THE EASTERN DISTRICT OF NEW YORK PURSUANT TO § 1406(a).**

    A.    **None of Plaintiffs' New Allegations Changes the Fact That the ATA's Venue Provisions Are Not Met.**

        A civil action under § 2333 of the ATA "may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent". 18 U.S.C. § 2334(a); *see also* Memorandum of Law at 5. None of the allegations added in the Amended Complaint meets any of these venue conditions. FAC ¶¶ 75-92. First, none of the Plaintiffs—including the more than 100 new plaintiffs added in the Amended Complaint—is alleged to reside in the Southern District of Illinois. FAC ¶¶ 162-631. The Amended Complaint's allegation that three of the original Plaintiffs now reside in Illinois, but not "in the district", 18 U.S.C. § 2334(a), does not establish venue here under the plain terms of the ATA. FAC ¶ 90. Second, none of the Defendants, including the one new Defendant added in the Amended Complaint, HSBC North America, resides in this district. *See* Dkt. No. 31-1 ("Ex. 1") ¶ 9; Dkt. No. 31-2 ("Ex. 2") ¶ 7; Dkt. No. 31-3 ("Ex. 3") ¶ 8; Dkt. No. 31-4 ("Ex. 4") ¶¶ 14-16; Dkt. No. 31-5 ("Ex. 5") ¶ 8; Dkt. No. 31-6 ("Ex. 6") ¶ 7; Dkt. No. 31-7 ("Ex. 7") ¶ 3; Declaration of Mark Chambers ("Ex. 9") ¶ 5; Declaration of Lynne C. Zaremba ("Ex. 10") ¶ 6; Declaration of Nicola Black ("Ex. 11") ¶ 5.[4] Third, no Moving Defendant has an agent in this district. *See* Ex. 1 ¶ 9; Ex. 2 ¶ 8; Ex. 3 ¶ 8; Ex. 4 ¶ 17; Ex. 5 ¶ 8; Ex. 6 ¶ 7; Ex. 7 ¶ 5; Ex. 9 ¶ 5; Ex. 10 ¶ 6; Ex. 11 ¶ 5. Fourth, no Moving Defendant was served in this district. Dkt. Nos. 55-64. In sum,

---

    [4] The Court may consider evidence outside the pleadings in deciding a transfer motion. *See Creighton v. Metro. Life Ins. Co.*, No. 15-0959-DRH, 2015 WL 6134407, at *2 (S.D. Ill. Oct. 19, 2015) (Herndon, J.) (citations omitted).

nothing in the new allegations satisfies any of the ATA's four enumerated statutory bases for venue, and venue in this forum remains improper. *See* 18 U.S.C. § 2334(a).

**B.**     **The Amended Complaint's Allegations of Unrelated Contacts with Illinois Fail as a Matter of Law To Establish Venue in This District.**

Unable to satisfy the ATA's enumerated bases for venue in this district, the Amended Complaint instead tries to establish a nexus between the Moving Defendants and Illinois in general. *See* FAC ¶¶ 80-89. Those new allegations do not, as a matter of law, establish venue here. Because the term "resides" is not defined in the ATA's venue provision, the definition of residency provided in 28 U.S.C. § 1391, the general federal venue statute, governs. *See* Memorandum of Law at 7-8. Under § 1391, a corporation is deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question". 28 U.S.C. § 1391(c)(2). Thus, to establish venue under the residency prong of § 2334, Plaintiffs must allege that general or specific personal jurisdiction is proper *in this district. See id.*; *see also* Memorandum of Law at 8. The Moving Defendants' alleged contacts with Illinois generally do not establish either general or specific personal jurisdiction in this district "with respect to" this ATA action. 28 U.S.C. § 1391(c)(2).

A court may assert *general* jurisdiction over a foreign corporation only where its "'affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State'". *Daimler AG v. Bauman*, 134 S. Ct. 746, 761 (2014) (quoting *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919 (2011)). General jurisdiction is thus typically limited to a foreign corporation's place of incorporation or principal place of business, the "paradigm all-purpose forums". *Id.* at 760. None of the Moving Defendants is incorporated or operates its principal place of

3

business in Illinois. *See* Ex. 1 ¶¶ 4, 9; Ex. 2 ¶¶ 2-3; Ex. 3 ¶¶ 3-4; Ex. 4 ¶¶ 3-4; Ex. 5 ¶ 4;

Ex. 6 ¶ 3; Ex. 7 ¶ 3; Ex. 9 ¶¶ 3-4; Ex. 10 ¶ 3; Ex. 11 ¶¶ 3-4. In the Amended Complaint,

only HSBC North America is even alleged to maintain its "principal place of business,

and/or headquarters", FAC ¶ 83, in the state—purportedly in a Chicago suburb outside

this district. That allegation is plainly incorrect; HSBC North America is, in fact,

headquartered in New York. *See* Ex. 10 ¶ 3. But even if HSBC North America, or

another Moving Defendant, *were* headquartered in the Chicago area or elsewhere in

Illinois, that would still be insufficient to establish residency and venue in the *Southern*

*District*. *See* 28 U.S.C. § 1391(d) ("[I]n a State which has more than one judicial district

and in which a defendant that is a corporation is subject to personal jurisdiction . . . such

corporation shall be deemed to reside in any district in that State within which its contacts

would be sufficient to subject it to personal jurisdiction if that district were a separate

State"); *see also KM Enters., Inc. v. Global Traffic Techs., Inc.*, 725 F.3d 718, 733 (7th

Cir. 2013) (if a defendant's contacts with the specific district are insufficient, then venue

is improper under § 1391(d) regardless of contacts elsewhere in the state).

　　　　The Amended Complaint further alleges that several of the Moving

Defendants have "availed themselves of both the state and federal courts within Illinois,

as plaintiff and defendant". FAC ¶ 80. But district courts in this Circuit have rejected the

"dubious proposition that general jurisdiction may be asserted on the basis of

involvement in an unrelated lawsuit". *Travelers Cas. & Sur. Co. v. Interclaim (Bermuda)*

*Ltd.*, 304 F. Supp. 2d 1018, 1025 (N.D. Ill. 2004).

　　　　Nor does Deutsche Bank's, HSBC Bank USA's and Barclays' alleged

maintenance of offices in Illinois (but not in this district), FAC ¶¶ 81, 84-85, subject any

of those defendants to all-purpose jurisdiction in this district, or even in this state. *See Rozumek v. Gen. Elec. Co.*, No. 15-CV-441-SMY-SCW, 2015 WL 12829795, at \*2 (S.D. Ill. July 1, 2015) (citing *Daimler* to hold that the presence of a defendant in the forum—including through "its offices"—does not subject it to all-purpose jurisdiction). Likewise, the new allegations that Barclays transacted business in Illinois, FAC ¶ 85, and that HSBC Bank USA purchased and foreclosed on mortgages, paid taxes and employed persons in Illinois, FAC ¶ 84, also do not suffice to establish general personal jurisdiction. *See, e.g., Patera v. Bartlett*, No. 15 C 50190, 2016 WL 773225, at \*2 (N.D. Ill. Feb. 29, 2016) (concluding based on *Daimler* that the court did not have general personal jurisdiction over defendants who were alleged to have had employees, offices and extensive and deliberate business dealings in Illinois); *Long v. Patton Hosp. Mgmt., LLC*, No. 15-2213, 2016 WL 760780, at \*2, \*4-5 (E.D. La. Feb. 26, 2016) (managing property, paying taxes, having an office and employing residents in a state are insufficient to establish general personal jurisdiction).[5]

Finally, the allegations that Deutsche Bank, Standard Chartered Bank and Credit Suisse have previously been "subject to the jurisdiction" of, and paid fines levied by, the Chicago Board of Trade Business Conduct ("CBOT"), FAC ¶¶ 81, 88-89, do not establish general personal jurisdiction in this district. Credit Suisse AG is not, and has never been, subject to the jurisdiction of the CBOT.[6] *See* Declaration of Lindsay R. Goldstein ("Ex. 12") ¶ 4. And Deutsche Bank's and Standard Chartered Bank's alleged

---

[5] The Moving Defendants cite this out-of-circuit district court case because it recently considered whether personal jurisdiction could be founded upon the types of alleged contacts attributed to Barclays and HSBC Bank USA.

[6] The entity subject to the CBOT action referenced in the Amended Complaint, FAC ¶ 89, is Credit Suisse Securities (USA) LLC, a nonparty. *See* Ex. 12 ¶ 1, 4.

payments of fines to the CBOT in connection with conduct relating to certain exchange-listed transactions do not evidence contacts "so continuous and systematic" as to warrant the exercise of general personal jurisdiction. *Daimler AG*, 134 S. Ct. at 761; *see also Gorman v. Goldcorp, Inc.*, No. 07-CV-0155-MJR, 2007 WL 4208982, at *3 (S.D. Ill. Nov. 26, 2007) (stating, even pre-*Daimler*, that trading on the New York Stock Exchange, without more, does not establish general jurisdiction in New York) (citing *Celi v. Canadian Occidental Petroleum Ltd.*, 804 F. Supp. 465, 467-68 (E.D.N.Y. 1992)). Even if these allegations could establish personal jurisdiction in the district where the CBOT is located—and they cannot—they plainly would not establish residency and venue in *this* district. *See* 28 U.S.C. § 1391(d); *KM Enters., Inc.*, 725 F.3d at 733.

With regard to *specific* jurisdiction, a "defendant's *suit-related* conduct must create a substantial connection with the forum State". *Advanced Tactical Ordnance Sys., LLC v. Real Action Paintball, Inc.*, 751 F.3d 796, 801 (7th Cir. 2014), as corrected (May 12, 2014) (quoting *Walden v. Fiore*, 134 S. Ct. 1115, 1121 (2014)) (emphasis in original); *see also* Memorandum of Law at 10.  But Plaintiffs do not (and cannot) allege any connection whatsoever between this district and the alleged inculpatory conduct attributed to the Moving Defendants.  The conclusory and unsupported allegation that Deutsche Bank "caused death and injury" to two *nonparties* who resided (but are not alleged to have been injured) in this district, FAC ¶ 82, cannot, as a matter of law, subject Deutsche Bank to this Court's specific personal jurisdiction in *this action*.  For specific personal jurisdiction, "the relation between the defendant and the forum 'must arise out of contacts that the defendant *himself* creates with the forum'". *Advanced Tactical Ordnance Sys., LLC*, 751 F.3d at 801 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S.

6

462 (1985)) (internal quotations omitted) (emphasis in original). "Contacts between the plaintiff or other third parties and the forum do not satisfy this requirement." *Id.* Here, because there is no connection between Deutsche Bank's suit-related conduct and this district, specific personal jurisdiction cannot be established over Deutsche Bank on the basis of a nonparty's residency in this district. *See id.* Nor can specific jurisdiction be established over any other Moving Defendant, as all of the conduct complained of occurred outside of this district. FAC ¶¶ 93-134, 158-66. "[W]ith respect to the civil action in question", then, the Moving Defendants are not subject to the Court's specific personal jurisdiction and are therefore not residents of this district for the purpose of establishing venue under the ATA. *See* 28 U.S.C. § 1391(c)(2); *see also Leibovitch v. Islamic Republic of Iran*, 188 F. Supp. 3d 734, 751 (N.D. Ill. 2016) (no specific personal jurisdiction over banks where plaintiffs' ATA claims did not "directly arise" from the banking activities of the banks' local branches).

Accordingly, nothing in Plaintiffs' new allegations changes the conclusion that Plaintiffs fail to allege contacts between any of the Moving Defendants and this forum that would satisfy the constitutional requirements for either general or specific personal jurisdiction, and thus, residency, in this district. Therefore, venue also fails. For the reasons cited above and in the Memorandum of Law, the Court should grant the Moving Defendants' motion to transfer this action for all purposes to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).[7]

---

[7] The new allegations in the Amended Complaint do not even purport to address the Moving Defendants' alternative showing that this action should be transferred to the Eastern District of New York pursuant to § 1404(a). *See* Memorandum of Law at 15-20.

Respectfully submitted,

WILLIAMS, VENKER & SANDERS
LLC,

   by
     /s/ Steven P. Sanders
     Steven P. Sanders, IL #2453746
     100 N. Broadway, 21st Floor
     St. Louis, MO 63102
     (314) 345-5002
     ssanders@wvslaw.com


*Attorneys for Defendant Credit Suisse AG*

     Richard W. Clary
     Michael T. Reynolds
     John D. Buretta
     CRAVATH, SWAINE & MOORE
     LLP
     Worldwide Plaza
     825 Eighth Avenue
     New York, NY 10019
     (212) 474-1000
     rclary@cravath.com
     mreynolds@cravath.com
     jburetta@cravath.com

*Of Counsel*


THOMPSON COBURN LLP,

   by
     /s/ David Wells (with consent)
     David Wells, IL # 6271060
     Mark Beatty, IL # 6302372
     One US Bank Plaza
     St. Louis, Missouri  63101
     (314) 552-6118
     dwells@thompsoncoburn.com


HAAR & WOODS LLP,

   by
     /s/ Robert T. Haar (with consent)
     Robert T. Haar, MO #30044
     Lisa A. Pake, MO #39397
     1010 Market St. Suite 1620
     St. Louis, MO 63101
     (314) 241-2224
     roberthaar@haar-woods.com
     lpake@haar-woods.com


*Attorneys for Defendant Barclays Bank
PLC*

     Michael T. Tomaino, Jr.
     Jeffrey T. Scott
     Jonathan M. Sedlak
     SULLIVAN & CROMWELL LLP
     125 Broad Street
     New York, NY 10004
     (212) 558-4000
     tomainom@sullcrom.com
     scottj@sullcrom.com
     sedlakj@sullcrom.com

*Of Counsel*


GREENSFELDER, HEMKER & GALE,
P.C.,

   by
     /s/ Russell K. Scott (with consent)
     Russell K. Scott, IL # 02533642
     12 Wolf Creek Drive, Suite 100
     Belleville, Illinois 62226
     (618) 239-3612
     rks@greensfelder.com

8

*Attorneys for Defendant Standard Chartered Bank*

    Sharon L. Nelles
    Bradley P. Smith
    John C. Quinn
    SULLIVAN & CROMWELL LLP
    125 Broad Street
    New York, NY 10004
    (212) 558-4000
    nelless@sullcrom.com
    smithbr@sullcrom.com
    quinnjc@sullcrom.com

*Of Counsel*

*Attorneys for Defendant Commerzbank AG*

    Jonathan I. Blackman
    Lawrence B. Friedman
    Avram E. Luft
    CLEARY GOTTLIEB STEEN & HAMILTON LLP
    One Liberty Plaza
    New York, NY 10006
    (212) 225-2000
    jblackman@cgsh.com
    lfriedman@cgsh.com
    aluft@cgsh.com

*Of Counsel*

MAYER BROWN LLP,

by

*/s/ Justin A. McCarty* (with consent)
Justin A. McCarty, IL #6293325
71 South Wacker Drive
Chicago, Illinois 60606
(312) 782-0600
JMcCarty@mayerbrown.com

*Attorneys for Defendants HSBC Bank USA, N.A.*

Mark G. Hanchet
MAYER BROWN LLP
1221 Avenue of the Americas
New York, NY 10020-1001
(212) 506-2500
mhanchet@mayerbrown.com

Andrew J. Pincus
Marc R. Cohen
Alex C. Lakatos
MAYER BROWN LLP
1999 K Street, N.W.
Washington, DC 20006-1101
(202) 263-3000
apincus@mayerbrown.com
mcohen@mayerbrown.com
alakatos@mayerbrown.com

*Of Counsel*

HELPERBROOM LLC,

by

*/s/ Troy A. Bozarth* (with consent)
Larry E. Hepler, IL #01195603
Troy A. Bozarth, IL #6236748
130 N. Main St.
P.O. Box 510
Edwardsville, Illinois 62025
(618) 656-0184
leh@heplerbroom.com
tab@heplerbroom.com

*Attorneys for Defendant Deutsche Bank AG*

John E. Hall
David Zionts
COVINGTON AND BURLING LLP
One City Center
850 Tenth St., N.W.
Washington, D.C. 20001
(202) 662-6000
jhall@cov.com
dzionts@cov.com

Mark P. Gimbel
COVINGTON AND BURLING LLP
The New York Times Building
620 Eighth Avenue
New York, NY 10018
(212) 841-1000
mgimbel@cov.com

*Of Counsel*

10

DOWD BENNETT LLP,

by

*/s/ James F. Bennett* (with consent)
James F. Bennett, IL #6244356
James E. Crowe, III, MO #50031
7733 Forsyth Blvd., Suite 1900
St. Louis, Missouri 63105
(314) 889-7300
jbennett@dowdbennett.com
jcrowe@dowdbennett.com

*Attorneys for Defendant The Royal Bank of Scotland N.V.*

Steven T. Cottreau
CLIFFORD CHANCE US LLP
2001 K Street NW
Washington, DC 20006-1001
(202) 912-5000
steve.cottreau@cliffordchance.com

Robert G. Houck
CLIFFORD CHANCE US LLP
31 West 52nd Street
New York, NY 10019-6131
(212) 878-8000
robert.houck@cliffordchance.com

*Of Counsel*