**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| SAUL MARTINEZ, *et al.*, | ) |
| --- | --- |
| Plaintiffs, | ) |
| v. | ) Case No. 3:16-cv-01207-DRH-DGW |
| DEUTSCHE BANK AG, *et al.*, | ) |
| Defendants. | ) |

**DEFENDANTS' REPLY IN FURTHER SUPPORT OF MOTION TO TRANSFER**

March 31, 2017

The Moving Defendants submit this Reply to address substantial legal and factual errors in Plaintiffs' Opposition, and to bring to the Court's attention a Seventh Circuit decision issued two days ago that undermines the only basis for venue alleged by Plaintiffs. *See* SDIL-LR 7.1(c). The Moving Defendants have demonstrated that this matter should be transferred for all purposes to the Eastern District of New York under 28 U.S.C. § 1406(a) because this district meets none of the Anti-Terrorism Act's ("ATA") four enumerated bases for venue. In the alternative, even if venue were proper here, transfer to the Eastern District of New York is warranted pursuant to § 1404(a) because all of the statutory factors favor such transfer. Plaintiffs' Opposition fails to establish that this action should not be transferred.

## I. PLAINTIFFS MISSTATE *DAIMLER*'S HOLDING.

The ATA provides that a civil action under § 2333 "may be instituted in the district court of the United States for any district where any plaintiff resides or where any defendant resides or is served, or has an agent". 18 U.S.C. § 2334(a). Plaintiffs do not claim residency in this district, or assert that any Moving Defendant was served or has an agent here. *See* Opp'n at 3-8. With regard to the one remaining basis for venue in § 2334(a)—a defendant's residency in the district—Plaintiffs do not contest that the definition of residency provided in 28 U.S.C. § 1391 governs. *See* Opp'n at 4. Under § 1391, a corporation is deemed to reside in "any judicial district in which such defendant is subject to the court's personal jurisdiction". 28 U.S.C. § 1391(c)(2). Plaintiffs are thus required to establish that there is either specific or general jurisdiction over one of the Moving Defendants in this district. *See* Mem. of Law at 8. Plaintiffs do not even contend that the Moving Defendants are subject to specific jurisdiction here, nor could they, as they allege no connection whatsoever between this district and the claims and

conduct at issue.  *See* Supp. Mem. of Law at 6-7.  Instead, Plaintiffs argue only that general jurisdiction exists based on their misstatement of the holding in *Daimler AG v. Bauman*, 134 S. Ct. 746 (2014).  *See* Opp'n at 4.

In *Daimler*, the Supreme Court held that a court may assert general jurisdiction over a corporation only where its "affiliations with the State are so continuous and systematic as to render [it] essentially at home in the forum State".  134 S. Ct. at 761 (quotations omitted).  Plaintiffs try to lower *Daimler*'s high bar, vaguely claiming that "the test" is simply "whether corporate operations are sufficiently continuous, substantial, and of such a nature to justify suit on all causes of action".  Opp'n at 4.  But *Daimler* is much more exacting, holding that, in all but the most "exceptional case[s]", a corporation is "at home", and thus subject to general jurisdiction, solely in its "formal place of incorporation or principal place of business".  134 S. Ct. at 761 n.19.  Indeed, the Seventh Circuit, citing *Daimler*, held two days ago that an Illinois district court lacked general jurisdiction over two foreign banks that were not "incorporated or headquartered" anywhere in the U.S., even though the banks maintained local branches in the district.  *Leibovitch v. Islamic Republic of Iran*, --- F.3d ---, No. 16-2504, 2017 WL 1160943, at *2 (7th Cir. Mar. 29, 2017).  Here, because none of the Moving Defendants is incorporated or maintains its principal place of business in this district, none is subject to this Court's general jurisdiction for the purpose of establishing venue through residency.[1]  *See id.*; *see also* Supp. Mem. of Law at 3-6.

---

[1] Plaintiffs claim that *KM Enter. Inc. v. Global Traffic Tech., Inc., et al.*, No. 12-cv-0257-MJR, 2012 WL 12893473 (S.D. Ill. Sept. 19, 2012), prescribes "factors [for] determining whether general jurisdiction exists".  Opp'n at 5.  Plaintiffs omit that this case was decided before *Daimler* significantly narrowed the general jurisdiction standard.

2

The relevant legal question under the ATA's residency-based venue clause is whether general jurisdiction exists *in the district*, not somewhere else in the state. *See* Supp. Mem. of Law 3-4. For venue purposes, a defendant corporation may "be deemed to reside" only in the districts "within which its contacts would be sufficient to subject it to personal jurisdiction *if that district were a separate state*". 28 U.S.C. § 1391(d) (emphasis added); s*ee also* Supp. Mem. of Law at 4, 6. Plaintiffs ignore this controlling legal point, conflating the district-specific analysis for venue with the state-level inquiry applicable to non-venue general jurisdiction analysis. But even if it were proper to look at the Moving Defendants' alleged state-level contacts, *see* Opp'n at 5-8, they do not suffice under *Daimler* and *Leibovich* to establish general jurisdiction because no Moving Defendant is headquartered or maintains its principal place of business in the state.[2]

Because the Moving Defendants are not subject to specific or general jurisdiction in this district, they cannot be deemed to reside here, and residency-based venue—the only alleged basis for venue—is lacking. *See* 28 U.S.C. § 1391(c)(2).

## II. PLAINTIFFS MISCHARACTERIZE THE DEFENSES ASSERTED IN *FREEMAN v. HSBC HOLDINGS PLC*.

Regardless of whether venue can lie in this district, the Court should transfer this action to the Eastern District of New York. Venue is proper there and—because the Moving Defendants (except Deutsche Bank) are already litigating in that district in *Freeman v. HSBC Holdings PLC*, et al., No. 1:14-cv-06601, which this case copies—transfer would promote judicial economy and thereby promote the interest of

---

[2] Plaintiffs continue to claim that HSBC North American Holdings, Inc. "maintains its headquarters in Illinois". Opp'n at 7. It does not. *See* Supp. Mem. of Law at 2, 4.

justice.[3]  *See* Mem. of Law at 14-20; *see also* 28 U.S.C. §§ 1404(a), 1406(a).  Plaintiffs do not contest that venue is proper in the Eastern District of New York.  *See* Opp'n at 11-12.  Instead, they suggest that the Moving Defendants are attempting a "bait-and-switch", seeking transfer while at the same time allegedly asserting that personal jurisdiction is lacking over the matter pending in the proposed transferee district.  *See id.* at 12.  To the contrary, none of the Moving Defendants contests the *Freeman* court's personal jurisdiction "over the matter" or over "all parties", as Plaintiffs contend.[4]  *Id*.

## III. THE REMAINING § 1404(a) FACTORS FAVOR TRANSFER.

With respect to the remaining factors in the Court's § 1404(a) analysis, the Moving Defendants have demonstrated that Plaintiffs' choice of forum deserves no deference and that transfer will serve the convenience of the parties and witnesses.  *See* Mem. of Law at 15-20.  Because there is no relationship between Plaintiffs or their claims and this district, the Court should not defer to Plaintiffs' choice of forum.  *See id*. at 15.  The authorities cited by Plaintiffs, both of which concern the *forum non conveniens* doctrine, not a statutory transfer of venue, do not suggest otherwise:  *Gulf Oil*

---

[3] Plaintiffs do not dispute that their complaint copies *Freeman*.  *See* Opp'n at 11-12.  Instead they claim that "a third action" involving only Deutsche Bank—*Shaffer v. Deutsche Bank AG*, No. 3:16-cv-00497 (S.D. Ill May 4, 2016)—is "nearly identical to the instant action".  Opp'n at 11.  Notwithstanding the basic points of similarity described in Deutsche Bank's Notice of Related Case, *see id.*, *Shaffer* is materially different from this action:  there is no overlap of attacks or victims, and there is only one common defendant, Deutsche Bank.  *See* Mem. of Law at 19 n.13.  By contrast, *Freeman* shares with this action eight overlapping attacks and one overlapping victim, and names as defendants all of the Moving Defendants (except Deutsche Bank).  *See id*. at 18-20.

[4] *One* Moving Defendant, Commerzbank, argues in *Freeman* that jurisdiction is lacking over *one* of seven claims because it is based on conduct occurring entirely outside the U.S.  *See Freeman*, No. 1:14-cv-06601 (Dkt. No. 124) at 7, 10.  No other Moving Defendant asserts that personal jurisdiction is lacking as to any claim in *Freeman*.  *See id*. (Dkt. No. 120).  Plaintiffs' claim that "all parties" contest the Eastern District of New York's personal jurisdiction "over the matter" is thus inaccurate.  *See* Opp'n at 12.

*Corp. v. Gilbert*, 330 U.S. 501 (1947), has been superseded by § 1404(a) itself, and *Piper Aircraft Co. v. Reyno*, 454 U.S. 235 (1981), held that deferring to a plaintiff's forum choice is "much less reasonable" where, as here, no plaintiff resides in the district, 454 U.S. at 256. *See* Opp'n at 9. As to the convenience of the parties and witnesses, the balance overwhelmingly favors the Eastern District of New York. *See* Mem. of Law at 16-18. Six of the seven Moving Defendants maintain offices in New York City. *See id*. By contrast, Plaintiffs admit that they and their witnesses are located throughout the country and that none is found here. *See* Opp'n at 10.

### IV. PLAINTIFFS' BELATED ARGUMENT FOR TRANSFER TO THE NORTHERN DISTRICT OF ILLINOIS SHOULD BE REJECTED.

Plaintiffs argue that if the Court "determine[s] that transfer is warranted, it should order transfer to the Northern District of Illinois". Opp'n at 13. However, that district is just as inconvenient for the Moving Defendants (none resides there) and no more convenient for Plaintiffs, and transfer would not promote the interest of justice because no party is litigating a substantially identical case there. Moreover, Plaintiffs' requested transfer order, raised in an opposition brief without adequate opportunity for response, violates Rule 7(b)(1) of the Federal Rules of Civil Procedure, which requires that "[a] request for a court order must be made by motion". FED. R. CIV. P. 7(b)(1). Therefore, the Court should disregard in its entirety Plaintiffs' belated and procedurally improper argument for an order transferring this action to the Northern District of Illinois.

For the reasons set forth above and in the Moving Defendants' prior memoranda of law, the Court should grant the Moving Defendants' motion to transfer this action for all purposes to the Eastern District of New York pursuant to 28 U.S.C. § 1406(a) or, in the alternative, 28 U.S.C. § 1404(a).

Respectfully submitted,

| WILLIAMS, VENKER & SANDERS LLC, | HAAR & WOODS LLP, |
|---|---|
| By /s/ *Steven P. Sanders*<br>Steven P. Sanders, IL #2453746<br>100 N. Broadway, 21st Floor<br>St. Louis, MO 63102<br>(314) 345-5002<br>ssanders@wvslaw.com | By /s/ *Robert T. Haar* (with consent)<br>Robert T. Haar, MO #30044<br>Lisa A. Pake, MO #39397<br>1010 Market St. Suite 1620<br>St. Louis, MO 63101<br>(314) 241-2224<br>roberthaar@haar-woods.com<br>lpake@haar-woods.com |
| *Attorneys for Defendant Credit Suisse AG* | *Attorneys for Defendant Barclays Bank PLC* |
| Richard W. Clary<br>Michael T. Reynolds<br>John D. Buretta<br>CRAVATH, SWAINE & MOORE LLP<br>Worldwide Plaza<br>825 Eighth Avenue<br>New York, NY 10019<br>(212) 474-1000<br>rclary@cravath.com<br>mreynolds@cravath.com<br>jburetta@cravath.com | Michael T. Tomaino, Jr.<br>Jeffrey T. Scott<br>Jonathan M. Sedlak<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>(212) 558-4000<br>tomainom@sullcrom.com<br>scottj@sullcrom.com<br>sedlakj@sullcrom.com |
| *Of Counsel* | *Of Counsel* |
| THOMPSON COBURN LLP, | GREENSFELDER, HEMKER & GALE, P.C., |
| by /s/ *David Wells* (with consent)<br>David Wells, IL # 6271060<br>Mark Beatty, IL # 6302372<br>One US Bank Plaza<br>St. Louis, Missouri 63101<br>(314) 552-6118<br>dwells@thompsoncoburn.com | by /s/ *Russell K. Scott* (with consent)<br>Russell K. Scott, IL # 02533642<br>12 Wolf Creek Drive, Suite 100<br>Belleville, Illinois 62226<br>(618) 239-3612<br>rks@greensfelder.com |
| *Attorneys for Defendant Standard Chartered Bank* | *Attorneys for Defendant Commerzbank AG* |

| | |
|---|---|
| Sharon L. Nelles<br>Bradley P. Smith<br>John C. Quinn<br>SULLIVAN & CROMWELL LLP<br>125 Broad Street<br>New York, NY 10004<br>(212) 558-4000<br>nelless@sullcrom.com<br>smithbr@sullcrom.com<br>quinnjc@sullcrom.com | Jonathan I. Blackman<br>Lawrence B. Friedman<br>Avram E. Luft<br>CLEARY GOTTLIEB STEEN &<br>HAMILTON LLP<br>One Liberty Plaza<br>New York, NY 10006<br>(212) 225-2000<br>jblackman@cgsh.com<br>lfriedman@cgsh.com<br>aluft@cgsh.com |
| *Of Counsel* | *Of Counsel* |

| MAYER BROWN LLP, | HELPERBROOM LLC, |
|---|---|
| by | by |
| /s/ *Justin A. McCarty* (with consent) | /s/ *Troy A. Bozarth* (with consent) |
| Justin A. McCarty, IL #6293325 | Larry E. Hepler, IL #01195603 |
| 71 South Wacker Drive | Troy A. Bozarth, IL #6236748 |
| Chicago, Illinois 60606 | 130 N. Main St. |
| (312) 782-0600 | P.O. Box 510 |
| JMcCarty@mayerbrown.com | Edwardsville, Illinois 62025 |
| | (618) 656-0184 |
| | leh@heplerbroom.com |
| | tab@heplerbroom.com |
| *Attorneys for Defendants HSBC Bank USA, N.A.* | *Attorneys for Defendant Deutsche Bank AG* |
| Mark G. Hanchet | John E. Hall |
| MAYER BROWN LLP | David Zionts |
| 1221 Avenue of the Americas | COVINGTON AND BURLING LLP |
| New York, NY 10020-1001 | One City Center |
| (212) 506-2500 | 850 Tenth St., N.W. |
| mhanchet@mayerbrown.com | Washington, D.C. 20001 |
| | (202) 662-6000 |
| Andrew J. Pincus | jhall@cov.com |
| Marc R. Cohen | dzionts@cov.com |
| Alex C. Lakatos | |
| MAYER BROWN LLP | Mark P. Gimbel |
| 1999 K Street, N.W. | COVINGTON AND BURLING LLP |
| Washington, DC 20006-1101 | The New York Times Building |
| (202) 263-3000 | 620 Eighth Avenue |
| apincus@mayerbrown.com | New York, NY 10018 |
| mcohen@mayerbrown.com | (212) 841-1000 |
| alakatos@mayerbrown.com | mgimbel@cov.com |
| *Of Counsel* | *Of Counsel* |

DOWD BENNETT LLP,

by
   /s/ *James F. Bennett* (with consent)
   James F. Bennett, IL #6244356
   James E. Crowe, III, MO #50031
   7733 Forsyth Blvd., Suite 1900
   St. Louis, Missouri 63105
   (314) 889-7300
   jbennett@dowdbennett.com
   jcrowe@dowdbennett.com

*Attorneys for Defendant The Royal Bank of Scotland N.V.*

   Steven T. Cottreau
   CLIFFORD CHANCE US LLP
   2001 K Street NW
   Washington, DC 20006-1001
   (202) 912-5000
   steve.cottreau@cliffordchance.com

   Robert G. Houck
   CLIFFORD CHANCE US LLP
   31 West 52nd Street
   New York, NY 10019-6131
   (212) 878-8000
   robert.houck@cliffordchance.com

*Of Counsel*